# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-61595-Civ-COOKE/TORRES

DONNETT M. TAFFE,

    Plaintiff,

v.

SCOTT J. ISRAEL, et al.,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S SUPPLEMENTATION OF THE RECORD

This matter is before the Court on Donnett M. Taffe's ("Plaintiff") Supplementation of the Record [D.E. 93] against Scott J. Israel ("Defendant Israel"), the Sheriff of Broward County. Defendant Israel responded to Plaintiff's supplementation on June 22, 2017 [D.E. 94] to which Plaintiff did not reply. Therefore, Plaintiff's supplementation is now ripe for disposition. After careful consideration of the supplementation, the response, relevant authority, and for the reasons discussed below, we find that Plaintiff has not properly supplemented the record and that Defendant Israel's Protective Order remains in effect.

On February 16, 2017 the Court granted Plaintiff's motion for reconsideration and stated that "[w]hile Plaintiff is entitled to depose Defendant Israel, this Order will not take effect until Plaintiff can supplement the record later in the discovery period with evidence supporting his § 1983 claims against Mr. Israel in his individual capacity." [D.E. 51]. The Court required Plaintiff to

1

supplement the record because "[i]t is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior," and that "supervisors are liable under § 1983 'either when the supervisor *personally participates* in the alleged constitutional violation or when there is a *causal connection* between actions of the supervising official and the alleged constitutional violation.'" *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (emphasis added) (quoting *Gonzalez v. Reno,* 325 F.3d 1228, 1234 (11th Cir. 2003)). "A causal connection can be established by, *inter alia,* 'facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Keating*, 598 F.3d at 762 (quoting *Gonzalez,* 325 F.3d at 1235); *see also Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990) ("Using a negligence standard to determine a supervisory official's liability would result in de facto *respondeat superior* liability for the official").

Here, Plaintiff has failed to demonstrate that Defendant Israel personally participated in the alleged constitutional violation or that there is a causal connection between his actions and the shooting at issue. There is no witness, deposition testimony, or evidence that allows for Plaintiff to overcome the apex doctrine. Instead, the evidence suggests that Defendant Israel was not a witness to the shooting, did not participate in the investigation of Deputy Wengert, and did not personally direct any subordinate to take any action in regards to Deputy Wengert or the Plaintiff. Because Plaintiff has failed to demonstrate any personal

2

involvement on behalf of Defendant Israel in a material way, Defendant Israel's Protective Order remains in effect.  *See United States v. Wal-Mart Stores, Inc.*, 2002 WL 562301, at *2 (D. Md. Mar. 29, 2002) (finding that a "high-ranking official, active or former" must have "personal involvement in a material aspect of the claim presented before a deposition will be required.  Mere knowledge or awareness of information that may be helpful if discovered is insufficient.")

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of August, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge