# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-61595-Civ-COOKE/TORRES

DONNETT M. TAFFE,

    Plaintiff,

v.

SCOTT J. ISRAEL, et al.,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on Donnett M. Taffe's ("Plaintiff") motion for reconsideration ("Motion") [D.E. 110] of the Court's Order denying Plaintiff's supplementation of the Record. [D.E. 108]. Defendant has not yet responded to Plaintiff's Motion. After careful consideration of the supplementation, the response, reply, relevant authority, and for the reasons discussed below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

The basis of Plaintiff's Motion is that in the Court's prior Order, we stated that Plaintiff did not file a reply. However, Plaintiff pointed out that Plaintiff's reply was filed [D.E. 95] and the Court inadvertently overlooked it. Plaintiff's argument is well taken and to this extent, Plaintiff's Motion is **GRANTED**. Because Plaintiff filed a reply to the supplementation of the record, we will reconsider all of the evidence and arguments presented.

1

On February 16, 2017 the Court granted Plaintiff's motion for reconsideration and stated that "[w]hile Plaintiff is entitled to depose Defendant Israel, this Order will not take effect until Plaintiff can supplement the record later in the discovery period with evidence supporting his § 1983 claims against Mr. Israel in his individual capacity." [D.E. 51]. The Court required Plaintiff to supplement the record because "[i]t is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior," and that "supervisors are liable under § 1983 'either when the supervisor *personally participates* in the alleged constitutional violation or when there is a *causal connection* between actions of the supervising official and the alleged constitutional violation.'" *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (emphasis added) (quoting *Gonzalez v. Reno,* 325 F.3d 1228, 1234 (11th Cir. 2003)). "A causal connection can be established by, *inter alia,* 'facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Keating*, 598 F.3d at 762 (quoting *Gonzalez,* 325 F.3d at 1235); *see also Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990) ("Using a negligence standard to determine a supervisory official's liability would result in de facto *respondeat superior* liability for the official").

After full consideration of the arguments and evidence presented, we find that Plaintiff has failed to demonstrate that Defendant Israel personally participated in the alleged constitutional violation or that there is a causal

connection between his actions and the shooting at issue. Plaintiff states that there are several pieces of evidence that show that Defendant Israel personally went to the scene of the shooting of Steven Thompson and spoke with numerous subordinates. Plaintiff also contends that, when asked about their conversations with Defendant Israel, his subordinates have been unable to recall those discussions. Plaintiff is skeptical of the subordinate's responses and questions whether Defendant Israel was at the scene of the crime merely as a figurehead for the Broward County Sheriff's Office. Plaintiff further suggests that Colonel John Dale was the person who made the determination to reinstate Deputy Wengert ("Wengert") and that Wengert's position as a K-9 deputy had been determined by Wengert's command unit – not Defendant Israel. Apparently Colonel Dale's testimony supports the inference that Defendant Israel abdicated his policymaking and oversight responsibilities and allowed the incident involving Steven Thompson to occur. Therefore, at the time Defendant Israel personally signed Wengert's reinstatement on May 13, 2013, Plaintiff alleges that Defendant Israel knew or should have known of Wengert's unfitness to be a deputy sheriff.

As we stated in our prior Order, there is no witness, deposition testimony, or evidence that allows for Plaintiff to overcome the apex doctrine. The evidence continues to show that Defendant Israel was not a witness to the shooting, did not participate in the investigation of Deputy Wengert, and did not personally direct any subordinate to take any action in regards to Deputy Wengert or the Plaintiff. There is nothing that can be inferred from Defendant Israel appearing at the scene

of the shooting and speaking with his subordinates. Plaintiff's argument that Defendant Israel abdicated his oversight responsibilities of Wengert is also too attenuated to justify deposing Defendant Israel in his individual or official capacity in connection with a § 1983 claim. *See, e.g.*, *Gonzalez v. Reno,* 325 F.3d 1228, 1233 (11th Cir. 2003) ("The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting *Hope v. Pelzer,* 536 U.S. 730, 739 (2002)); *Gilmere v. City of Atlanta, Ga.*, 737 F.2d 894, 904 (11th Cir. 1984) ("'Gross negligence' or 'deliberate indifference' is simply not the proper test for adjudging a due process section 1983 claim against a municipality."); *Languirand v. Hayden,* 717 F.2d 220, 227-28 (5th Cir. 1983) ("[A] municipality is not liable under section 1983 for the negligence or gross negligence of its subordinate officials, including its chief of police, in failing to train the particular officer in question, in the absence of evidence at least of a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force.").

Because Plaintiff has failed to demonstrate any personal involvement on behalf of Defendant Israel in a material way, that is in a way that actually has any bearing on a § 1983 claim, Defendant Israel's Protective Order remains in effect and Plaintiff's Motion to depose Defendant Israel is **DENIED**. *See United States v. Wal-*

*Mart Stores, Inc.*, 2002 WL 562301, at *2 (D. Md. Mar. 29, 2002) (finding that a "high-ranking official, active or former" must have "personal involvement in a material aspect of the claim presented before a deposition will be required. Mere knowledge or awareness of information that may be helpful if discovered is insufficient.").

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge